

# Notice of Service of Process

A3M / ALL
Transmittal Number: 21775102
Date Processed: 07/20/2020

| | |
|---|---|
| **Primary Contact:** | Julie Allred<br>J.B. Hunt Transport Inc.<br>615 J B Hunt Corporate Dr<br>Lowell, AR 72745-9143 |
| **Electronic copy provided to:** | David Brophey<br>Joan Bader<br>Christina Lasdavanh<br>Jeanie Jones<br>Darren Mulford<br>Tracy Winkleman |
| **Entity:** | J.B. Hunt Transport, Inc.<br>Entity ID Number  1920808 |
| **Entity Served:** | J.B. Hunt Transport, Inc. |
| **Title of Action:** | Westfield Insurance Company vs. J.B. Hunt Transport, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Jefferson County Circuit Court, KY |
| **Case/Reference No:** | 20-CI-003998 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 07/17/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | John W. Walters<br>859-219-9090 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

J.B. HUNT TRANSPORT, INC.
CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 20-CI-003998

Envelope Number: 2588515

Package Retrieval Number: 258851518077417@00000951496

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 20.15

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

| AOC-E-105  Sum Code: CI | | Case #: **20-CI-003998** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky  Court of Justice  Courts.ky.gov | | County: **JEFFERSON Circuit** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

Plaintiff, **WESTFIELD INSURANCE COMPANY** VS. **J.B. HUNT TRANSPORT, INC.**, Defendant

TO: **J.B. HUNT TRANSPORT, INC.**
**CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is J.B. HUNT TRANSPORT, INC.

The Commonwealth of Kentucky to Defendant:
**J.B. HUNT TRANSPORT, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*
Jefferson Circuit Clerk
Date: **7/10/2020**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____

Served By _____

Title _____

---

Summons ID: 258851518077417@00000951496
CIRCUIT: 20-CI-003998 Certified Mail
WESTFIELD INSURANCE COMPANY VS. J.B. HUNT TRANSPORT, INC.



Page 1 of 1



COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION ____
CIVIL ACTION NO. 19-CI-____
*Electronically Filed*

WESTFIELD INSURANCE COMPANY     PLAINTIFF

VS.     **COMPLAINT FOR DECLARATORY JUDGMENT**

J.B. HUNT TRANSPORT, INC.,     DEFENDANT
**SERVE:**     Via Certified Mail – Return Receipt Requested
Corporation Service Company
421 West Main Street, Frankfort
Kentucky 40601

\*\*\* \*\*\* \*\*\* \*\*\*

Comes the Plaintiff, Westfield Insurance Company, by counsel and for its Complaint for Declaratory Judgment against the Defendant, J.B. Hunt Transport, Inc., states the following:

**Parties, Venue, and Jurisdiction**

1. In accordance with KRS 418.040, *et seq.*, and CR 57, this Court has the power and authority to grant or issue judgments for declaratory relief in cases over which it has jurisdiction, or the Court deems declaratory relief to be appropriate.

2. The Plaintiff, Westfield Insurance Company (hereinafter "Westfield"), is an Ohio corporation with its principal place of business in the State of Ohio that is authorized to do, and does, transact business within the Commonwealth of Kentucky.

3. The Defendant, J.B. Hunt Transport, Inc. is an Arkansas corporation that is authorized to do, and does, transact business within the Commonwealth of Kentucky. Its registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

4. A substantial portion of the events giving rise to this claim occurred in Jefferson County, Kentucky.

5. The amount in controversy exceeds $5,000.

6. Venue is proper in this Court as the events, acts, and/or omissions that form the basis for this Complaint occurred substantially within Jefferson County, Kentucky.

## Facts

7. J.B. Hunt Transport, Inc. is a motor carrier registered with the Federal Motor Carrier Safety Administration.

8. Among the services provided by J.B. Hunt Transport, Inc. is intermodal transport of cargo.

9. For all dates relevant to the present matter, J.B. Hunt Transport, Inc. was party to an agreement entitled Interchange Agreement between Dassler Domestic Logistics, Inc. and J.B. Hunt Transport, Inc. (hereinafter the "Interchange Agreement"), whereby Dassler Domestic Logistics Inc., agreed to transport cargo on behalf of J.B. Hunt Transport, Inc. from Chicago, Illinois, to Louisville, Kentucky. A copy of said Interchange Agreement is attached hereto as **Exhibit A.**

10. For all dates relevant to the present matter, Dassler Domestic Logistics, Inc. and Mahamed Mohamud were party to an agreement entitled Vehicle Lease and Independent Contractor Hauling Agreement (hereinafter "Lease Agreement"), whereby Mahamed Mohamud leased his commercially licensed tractor and related equipment to Dassler Domestic Logistics, Inc., and agreed to transport certain commodities. A copy of said Lease Agreement is attached hereto as **Exhibit B.**

11. On or about July 3, 2017, Mahamed Mohamud was transporting a load of cargo from Chicago, Illinois to Louisville, Kentucky pursuant to the Lease Agreement when he was involved in a motor vehicle accident and allegedly injured.

12. J.B. Hunt Transport, Inc. retained Dassler Domestic Logistics, Inc., to transport said load of cargo pursuant to the Interchange Agreement.

13. Said load of cargo was manufactured by Prime Wheel Corporation and loaded into a J.B. Hunt Transport, Inc. intermodal container in Los Angeles County, California, then transported via train to Chicago, Illinois, where the intermodal container was attached to the tractor driven by Mahamed Mohamed.

14. As a result of the July 3, 2017, motor vehicle accident, Mahamed Mohamud has filed a Complaint for Damages (hereinafter the "Underlying Complaint") against J.B. Hunt Transport, Inc., Prime Wheel Corporation, and 20 John Doe Defendants, attached hereto as **Exhibit C**.

15. In the Underlying Complaint, Mahamed Mohamud alleges one or more Defendants to the Underlying Complaint improperly loaded the cargo onto the intermodal container, and that the improper loading of the cargo caused the July 3, 2017, motor vehicle accident, resulting in serious personal injury to Mr. Mohamud.

16. The Underlying Complaint does not name Dassler Domestic Logistics, Inc. as a party, assert any negligence on the part of Dassler Domestic Logistics, Inc., or allege that Dassler Domestic Logistics, Inc. was involved in loading the intermodal container.

17. Westfield insured Dassler Domestic Logistics, Inc., under a Commercial Package Policy, policy no. CSP 4 008 848. A certified copy of the applicable policy is attached hereto as **Exhibit D.**

18. On information and belief, the Westfield policy was entered into in Kentucky.

19. J.B. Hunt Transport, Inc. has sought indemnity and a defense from Dassler Domestic Logistics, Inc. on the basis of the Interchange Agreement.

20. An actual controversy exists because J.B. Hunt Transport, Inc. has sought indemnity and a defense to the causes of action asserted in the Underlying Complaint pursuant to the insurance policy Westfield issued to Dassler Domestic Logistics, Inc.

21. This Court may exercise personal jurisdiction over each of the Defendants.

## Count I

22. Plaintiff re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

23. Subject to additional provisions, exclusions, policy terms, and limitations, the Truckers-Intermodal Interchange Uniform Endorsement Form UIIE-1 of Westfield's policy provides indemnity as follows:

> It is agreed that such insurance as is afforded by the policy for "Auto Bodily Injury" and "Property Damage Liability" applies to liability assumed by the named insured, as 'Motor Carrier Participant', under Section **F.4** of the Uniform Intermodal Interchange and Facilities Access Agreement, and any subsequent amendments thereto …" [1]

24. Because the Intermodal Agreement between Dassler Domestic Logistics, Inc. and J.B. Hunt Transport, Inc. was not the Uniform Intermodal Exchange and Facilities Access Agreement, the Truckers-Intermodal Interchange Uniform Endorsement Form UIIE-1 of Westfield's policy does not afford coverage for J.B Hunt Transport Inc.'s request for a defense and indemnity.

---

[1] Exhibit D, CA 23 17 10 01, Page 1 of 2.

4

## Count II

25. Plaintiff re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

26. Subject to other terms, provisions, definitions, and limitations, the Interchange Agreement contains the following indemnity provision:

> CARRIER shall release, indemnify and hold harmless HUNT and its customer for and against all loss, damage, liability, cost or expenses suffered or incurred by HUNT or its customer arising out of or connected with injuries to or death of persons, loss or damage to property (including the interchanged equipment) and cargo arising out of the use, operation, or possession by CARRIER of HUNT's equipment unless such loss is caused by the sole act or omission of HUNT or its customer.[2]

27. The sole basis of the liability asserted by Mahamed Mohamud in the Underlying Complaint are the sole acts or omissions of J.B. Hunt Transport, Inc., Prime Wheel Corporation, and/or their agents, servants, employees, subsidiaries, aliases, joint venturers, successors-in-interest, and/or assigns.

28. On information and belief, the Interchange Agreement was drafted by J.B. Hunt International, Inc. and/or its agents, employees, legal counsel, and/or others on its behalf. Consequently, any and all doubts and/or ambiguities must be construed against J.B. Hunt International, Inc., and in favor of Dassler Domestic Logistics, Inc.

29. As a result of the foregoing, Dassler Domestic Logistics, Inc. owes no duty of defense or indemnity to J.B. Hunt Transport, Inc., with respect to the Underlying Complaint and/or the claims asserted therein, and Westfield's policy does not provide coverage for such claims.

---

[2] Interchange Agreement, p.1.

## Count III

30. Plaintiff re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

31. Subject to other terms, provisions, and definitions, the Lease Agreement between Mahamed Mohamud and Dassler Domestic Logistics, Inc. contains the following indemnity provision:

> **10. LIABILITY AND INDEMNITY:**
> A. <u>General Indemnification Obligation</u>. You will indemnify, defend and hold harmless us, our affiliates and our customers (as intended third party beneficiaries) and our respective officers, employees, representatives and agents from any and against all Losses arising out of or in connection with the following: (1) any injury or death of persons or loss or destruction of, or damage or delay to property caused by or resulting in any manner from any acts or omissions of you or any of your Representatives; (2) your or any Representative's negligence, misconduct or fraud (including, but not limited to, any theft, embezzlement, or defalcation); (3) any breach of or failure to comply with this Agreement by you or any Representative; (4) any loss of, damage to or theft of any Equipment or cargo while in your or your Representatives' possession or control, subject to any limits established under this Agreement; (5) claims filed by any Representative under Laws related to industrial accident, worker's compensation or employees and employers (without regard to any limitation on the amount or types of damages, compensation or benefits payable by you or others under such Laws); (6) any uncollectible invoices for linehaul, accessorial or other charges due to your failure to provide required documents including proofs of delivery, bills of lading and interchanges; (7) the issuance of any false or fraudulent bill of lading or delivery order, or the giving or receiving of any false or fraudulent proof of delivery for any cargo or for transportation charges by you or any Representative; (8) your failure to maintain the insurance coverage required under this Agreement or to provide funds in satisfaction of any insurance deductible amount; or (9) any failure to return or remove any identification devices on the Vehicle after termination of this Agreement. To fulfill your obligations under this Agreement, you will provide us and the other indemnified parties with, and will pay for, a defense of any claim or alleged claim described in
>
> this paragraph. Such indemnified parties will be entitled to participate fully in the defense of any claim or alleged claim at least to the same extent as you. In addition, you hereby waive, release and forever discharge us (and our affiliated or related entities or persons) from any and all Losses, which arise out of, are based on, or in any way arise out of your performance or nonperformance of this Agreement. Nothing in this Agreement will limit in any way our rights and remedies at law or in equity against you for acts or omissions by you, whether or not related to the performance or nonperformance of this Agreement.

6

32. To the extent the Defendant alleges that Mahamed Mohamud's own negligence caused or contributed to the accident and/or his injuries, Dassler Domestic Logistic, Inc. is entitled to indemnity and a defense from Mahamed Mohamud.

33. Pursuant to *Crime Fighters Patrol v. Hiles*, 740 S.W.2d 936 (Ky. 1987), and other authority, J.B. Hunt Transport, Inc. is not entitled to indemnity or a defense from Dassler Domestic Logistics, Inc., and Westfield's policy does not afford coverage for any claims against J.B. Hunt Transport, Inc.

## Count IV

34. Plaintiff re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

35. The Coverage provision of Westfield's Motor Carrier Coverage Form provides coverage as follows: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident[.]"[3]

36. The Motor Carrier Coverage Form defines "insured" as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage."[4]

37. The Who Is An Insured provision of the Motor Carrier Coverage Form states as follows:

> *The following are "insureds":*
>
> > *a. You for any covered "auto".*
> >
> > *b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:*

---

[3] Exhibit D, CA 00 20 10 13, Page 2 of 15.
[4] *Id.*, Page 13 of 15.

7

 (1) The owner, or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

 (2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

 (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

 (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

 (5) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

d. The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

(1) Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

 (a) If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

 (b) If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while

8

> the "autos" are leased to that "motor carrier" and used in his or her business.
>
> *However, Paragraph (1) above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.*
>
> *(2) Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" or a "covered pollution cost or expense" occurs while the "trailer" is detached from a covered "auto" you are using and:*
>
> *(a) Is being transported by the carrier; or*
>
> *(b) Is being loaded on or unloaded from any unit of transportation by the carrier.[5]*

36. The Motor Carrier Coverage Form defines "auto" as, "A land motor vehicle, 'trailer' or semi-trailer designed for travel on public roads; or ... Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. However, 'auto' does not include 'mobile equipment.'"[6]

37. The Motor Carrier Coverage Form defines "motor carrier" as, "a person or organization providing transportation by 'auto' in the furtherance of a commercial enterprise."[7]

38. The Motor Carrier Coverage Form states, "'Trailer' includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, 'trailer' also includes a container."[8]

39. The Motor Carrier Coverage Form further states, "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations."[9]

40. The Named Insured on Westfield's policy is Dassler Domestic Logistics, Inc.

---

[5] Exhibit D, CA 00 20 10 13, Page 3 of 15.
[6] *Id.*, at Page 12 of 15.
[7] *Id.*, at Page 14 of 15.
[8] *Id.*, at Page 15 of 15.
[9] *Id.*, Page 1 of 15.

9

41. Because it is not an "insured," J.B. Hunt Transport, Inc. is not entitled to coverage under Westfield's policy.

## Count V

42. Plaintiff re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

43. Westfield reserves the right to deny any and/or all claims that have been made, or which may be made in the future, by the Defendant in this action if Westfield later determines that said claims can be denied under any provision of the applicable insurance policy that issued between Westfield and Dassler Domestic Logistics, Inc., including but not limited to the terms, conditions, exclusions, and/or other policy provisions not specifically set forth herein.

44. Westfield specifically reserves the right to assert any term, condition, exclusion, and/or other provision of any insurance policy issued to Dassler Domestic Logistics, Inc., as it may be applicable to any claim arising out of the facts of this litigation by any individual and/or entity.

WHERFEFORE, the Plaintiff, Westfield Insurance Company, prays the Court as follows:

1. For entry of a Declaratory Judgment from this Court, declaring that the Plaintiff, Westfield Insurance Company, has no duty to pay, defend, indemnify, or extend coverage to the Defendant for any damages that are sought or may be sought by Mahamed Mohamud;

2. For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

3. For trial of this cause by Jury; and,

Filed    20-CI-003998    07/10/2020    David L. Nicholson, Jefferson Circuit Clerk

Filed 20-CI-003998 07/10/2020 David L. Nicholson, Jefferson Circuit Clerk

4. And for any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

WALTERS RICHARDSON, PLLC

_____
John W. Walters
Elizabeth M. Bass
Lucas Harrison
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:  (859) 219-9090
Facsimile:  (859) 219-9292
Email:  John@WaltersRichardson.com
Email:  Elizabeth@WaltersRichardson.com
COUNSEL FOR PLAINTIFF

7202.006654C:\NRPortbl\Golden_and_Walters\KJM\1280064_1.docx